# Exhibit B



Michael Smith, AIC
Commercial General Adjuster
Travelers Commercial Major Case Unit
(404) 444-8210 Cell
james.m.smith@Travelers.com

**P.O. Box 430**
**Buffalo, NY 14240**

**<u>SENT VIA ELECTRONIC MAIL ONLY</u>**

**January 25, 2024**

**Lyman Ward Military Academy**
**Attn: Bret Schlanger**
**174 Ward Circle**
**Camp Hill, AL 36850**
**bretschlanger@gmail.com**

| | |
|---|---|
| **Insured:** | Lyman Ward Military Academy |
| **Policy #:** | YJ630-3P667055 |
| **Claim/File#:** | FQG7375 |
| **Date of Loss:** | 03/26/2023 |
| **Underwriting Company:** | Travelers Property Casualty Company of America |

Dear Mr. Schlanger:

This letter is in response to your email received on December 26, 2023, stating the insured has decided to invoke the appraisal process as afforded under policy number YJ630-3P667055 ("The Policy") issued by Travelers Property Casualty Company of America ("Travelers").

Please refer to the Policy and the Deluxe Property Coverage Form DX T1 00 11 23 which states the following on page 28 of 38:

**********

**G. LOSS CONDITIONS**

**********

    **2. Appraisal**

        If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

        **a.** Pay its chosen appraiser; and

        **b.** Bear the other expenses of the appraisal and umpire equally.

        If there is an appraisal, we will still retain our right to deny the claim.

**********

Based on our review of the information provided to date concerning the damages being claimed, the portions of the claim that are currently ripe for appraisal according to the terms of the above-quoted condition are limited to:

1. The exterior damages at all Covered Locations in accordance with the identical scope contained in Travelers estimate dated 10/02/2023 and Mr. Foster's estimates dated 04/07/2023, 04/08/2023, 04/09/2023, 04/10/2023 and 04/17/2023, which are attached hereto as Exhibits A and B, respectively; and
2. The interior damages at all Covered Locations except Tallapoosa Hall and Russell Hall, as detailed in the identical scope contained in Travelers estimate dated 10/02/2023 and Mr. Foster's estimates dated 04/07/2023, 04/08/2023, 04/09/2023, 04/10/2023 and 04/17/2023, which are attached hereto as Exhibits A and B, respectively.

These are the only portions of the claim for which Travelers has been provided the opportunity to fully and fairly inspect the claimed damages to determine what, if any, damages were caused by the March 26, 2023 storm and for which there are no coverage issues that must be decided by the Court as opposed to an appraisal panel. An explanation of why other claimed damages are not subject to appraisal is detailed below.

The claimed roof damages are not subject to appraisal because the work to repair the roofs has been completed and was completed prior to the demand for appraisal. The policy specifies that your claim with respect to the roofs cannot exceed the invoiced amount for the roof work. (Form DX T1 00 11 12, Loss Condition G.6.a.3.) Travelers has not been provided the invoice(s) for the completed roof work. Thus, Travelers has not yet determined whether the invoiced amount(s) for the roof repairs will meet the Valuation condition of the of the policy. Until Travelers has an opportunity to determine whether the "amount you actually spen[t]" constitutes the "necessary [amount] to repair … the… property" and the "least" sum under the Valuation condition, there is no basis for stating that there is a "disagree[ment] on the … amount of loss" for the roofs, the appraisal condition has not been triggered with respect to the roof repairs, and the roofs cannot be submitted to an appraisal panel.

Travelers requests production of the invoice(s) for the roof repairs at your earliest opportunity and looks forward to reviewing the roof repair invoice(s) to determine whether and how the invoiced amounts fit with the terms, conditions and provisions of the policy, including but not limited to the Valuation condition. Failure to produce the invoice(s) for the completed roof repairs will constitute a breach of the Duties In The Event Of Loss Or Damage condition. (Form DX T1 00 11 12, Loss Condition G.3., pp. 28-29.)

The next category of claimed damages that are not appraisable are the interior damages claimed in Tallapoosa Hall. Travelers was afforded an opportunity to inspect those interior areas within Tallapoosa Hall where Travelers was informed of claimed storm-related damage. More specifically, Travelers and/or its consultant were afforded an opportunity to inspect claimed storm-related damage in the gymnasium, flight classroom, basement stairwell 3 and 5, first floor stairwell 6, office 1, office 1 bathroom, office 2 Ms. Murphy, guidance office 2, latrine, classroom 12 music room, and clock tower. Based on this inspection, Travelers has determined that the scope of repairs for the spaces listed here, as presented by Mr. Foster in his 04/09/2023

estimate, includes repairs of plaster and flooring beyond that which was damaged by the March 26, 2023 storm. This raises coverage issues that cannot be decided by an appraisal panel.

By way of example, in the Tallapoosa Hall gymnasium, there was some storm-related water damage to the plaster and wood floor located in the immediate vicinity of the storm damaged windows and roof decking that were broken by hailstones. However, the vast majority of the plaster and wood flooring in the gymnasium was damaged by wear and tear, deterioration, and deferred maintenance. Wear and tear and deterioration are excluded from coverage by operation of Exclusions C.2.i.1. and C.2.i.2., which can be found in Form DX T1 00 11 12 at page 24. This same coverage issue is implicated in all of the other areas of Tallapoosa Hall listed in the preceding paragraph.

Furthermore, the deterioration damage to the majority of the plaster and wood floor that was observed in the gymnasium would likely have pre-dated the March 26, 2023 storm. The policy only provides coverage for "loss or damage [that] commenc[es] … during the policy period." (Form DX T1 00 11 12, Additional Condition H.9., p. 35.) This is another coverage issue that cannot to be determined by an appraisal of the interior damages claimed in Tallapoosa Hall and precludes appraisal of these interior damages.

Travelers observed flaky/bubbled plaster and discolored wood flooring in portions of office 1 of Tallapoosa Hall. These conditions suggest historical long-term water exposure as opposed to water damage from the single March 26, 2023 storm event at these locations within office 1 of Tallapoosa Hall. Similar flaky/bubbled plaster and discolored flooring was observed in other locations throughout the areas of Tallapoosa Hall that Travelers was able to inspect.  Damages caused by seepage or leakage occurring over a period of 14 days or more would not be covered by the policy. (Form DX T1 00 11 12, Exclusion C.2.h, p. 24.) The implication of this exclusion constitutes a coverage issue, which is not appraisable. Thus, interior areas of Tallapoosa Hall for which Mr. Foster's 04/07/2023 estimate includes repair or replacement of flaky/bubbled plaster and discolored flooring that Travelers has determined did not suffer storm-related damage also cannot be submitted to an appraisal panel.

Next, claims for water damage to the following interior spaces are not eligible for appraisal because Travelers has not been afforded a full and fair opportunity to inspect these claimed damages. For example, Travelers requested access to but has not been provided access to the following areas: basement classroom, office 1 storage, office 1 bathroom, first floor stairwell 4, second floor stairwell 1, classrooms 5 through 11 in Tallapoosa Hall and storage 1 and storage 2 in Russell Hall to inspect the claimed water damages. In discussion with Mr. Corey Foster, it was represented to Travelers that there would be an inspection with the insured present during the first part of 2024 and Travelers would be provided access to the listed spaces during such inspection with Mr. Foster and the insured. Travelers never received an invitation to such inspection. Thus, access to these areas was never provided to Travelers. Instead, a demand for appraisal was made. Appraisal is not a substitute for inspection and failure to provide Travelers a full and fair opportunity to inspect these areas and the claimed damages therein constitutes both a breach of the Duties In The Event Of Loss Or Damage condition. (Form DX T1 00 11 12, Loss Condition G.3., pp. 28-29.) In addition, failure to provide access to these areas for inspection materially prejudices Travelers' ability to adjust the claimed water damages to these interior spaces.

Finally, RTI moisture mapping and drying logs that were conducted and prepared during the emergency water mitigation establish a certain amount of water intrusion and impact upon certain building materials. The moisture mapping establishes that there was no water impact on building materials beyond the plaster and flooring located in the immediate vicinity of the storm damaged windows and roof decking that were broken by hailstones. In addition, the drying logs establish effective removal of the moisture from this plaster and flooring such that the only remaining physical alteration from the storm to the dried-out plaster and flooring may be some limited patching, refinishing and painting or staining. Contrary to your commitment to provide Travelers with all moisture mapping and drying logs, Travelers has only received a very few pages of handwritten drying notations for a limited time period. Without the complete moisture mapping and drying log records, it is Travelers' position that there has not been a showing of any storm-related direct physical loss or damage to plaster or flooring beyond the scope detailed in Travelers estimate dated 10/02/2023. The policy only responds to "direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss. (Form DX T1 00 11 12, A. Coverage, p. 1.) Whether or not there has been direct physical loss or damage to the building materials or whether building materials beyond the scope detailed in Travelers 10/02/2023 estimate otherwise require repair is another coverage issue that an appraisal panel cannot decide.

In sum, appraisal is only appropriate to determine factual disputes over the amount of loss. It cannot be used to determine causation or resolve a coverage dispute, nor can it be used as a substitute for permitting a full and fair inspection.

The Policy also provides that the appraisers be competent and impartial. Once you provide us with your appraiser's name and contact information, please also provide a copy of your agreement with that named appraiser.

While Travelers would recommend holding the appraisal in abeyance until the remainder of the inspections and information is provided to allow us to complete our investigation and analysis of the claimed storm damages, please advise if you would prefer to proceed with appraisal of the following two categories of claimed damages:

1. The exterior damages at all Covered Locations in accordance with the identical scope contained in Travelers estimate dated 10/02/2023 and Mr. Foster's estimates dated 04/07/2023, 04/08/2023, 04/09/2023, 04/10/2023 and 04/17/2023, which are attached hereto as Exhibits A and B, respectively; and
2. The interior damages at all Covered Locations except Tallapoosa Hall and Russell Hall, as detailed in the identical scope contained in Travelers estimate dated 10/02/2023 and Mr. Foster's estimates dated 04/07/2023, 04/08/2023, 04/09/2023, 04/10/2023 and 04/17/2023, which are attached hereto as Exhibits A and B, respectively.

If so, we will proceed to appoint an appraiser and provide you with a Memorandum of Appraisal detailing the scope of authority of the appraisal panel along with an Award Form to be used by the appraisal panel.

The Memorandum of Appraisal will include the following terms:

- As set forth in the Policy, each party will designate an appraiser.
- Each appraiser will make a separate determination of the actual cash value and replacement cost value of items detailed as (1) and (2) in the preceding paragraph.
- If the appraisers do not agree on the actual cash value and the replacement cost with respect to each item, they will submit the differences to an umpire according to the terms set forth in the policy.
- The umpire will then issue an award that separately identifies the actual cash value and replacement cost value of items detailed as (1) and (2) in the preceding paragraph.
- All other terms of the Policy, including the Policy's appraisal provision will remain in force.

Travelers cannot proceed with the appraisal without these terms and an appropriate Memorandum of Appraisal.

Travelers' willingness to proceed with appraisal is not a waiver of any policy provision, term, exclusion or condition. Travelers' actions in proceeding with appraisal are not a concession that this matter may be subject to appraisal. In proceeding with appraisal, Travelers does not waive the right to assess appraisal on a case-by-case basis, both on this claim and all future claims, and Travelers does not waive any rights under the Policy or applicable law in any way.

This appraisal is limited to determination of the actual cash value, the amount of loss or the cost of repair or replacement of the limited items identified by the parties prior to the commencement of the appraisal. Should additional damage be identified during the appraisal, Travelers must be allowed to inspect and adjust the newly identified damage before any appraisal award is issued. Should any appraisal award be made outside of these parameters, Travelers reserves the right to deny payment of the appraisal award.

Travelers shall not be obligated for any appraisal award for items not identified prior to the commencement of the appraisal. Any appraisal award shall be made specifically according to the categories of items to be appraised described above. A proposed Appraisal Award Form will be provided when the additional information requested is provided.

Per the Policy terms for appraisal, each party's appraiser shall state separately the value of the property and amount of loss for the limited categories of items to be appraised, as described herein. If the appraisers fail to agree, the differences will be submitted to the umpire. Travelers shall not be obligated for any appraisal award that exceeds the identified categories of items described above or is not based on the appraisers' differences.

Further, Travelers' appraiser must be given the opportunity to be involved in the process to conclusion. This includes having an equal input in areas pertaining to, but not limited to identification of an umpire, negotiations in determining pricing for repairs, direction to be taken for repairs, and any other process associated with the appraisal.

Travelers reserves the right to file with a court of competent jurisdiction an injunction or declaratory judgment proceeding to stay or set aside any appraisal award if Travelers' appraiser is not fully involved with the selection or appointment of an umpire, or if an award is handed

down outside the above terms of appraisal or not based on the appraiser's differences or otherwise outside the parameters of the appraisal process. Further, Travelers reserves its right to contest coverage for any appraisal award based on the Policy terms and conditions.

This letter does not, nor is it intended to, waive any of the rights Travelers may have under the terms of Lyman Ward Military Academy's insurance policy or at law. This letter is not intended to be an exhaustive statement of all policy provisions, exclusions and/or conditions which may be applicable. All rights which Travelers may have under the terms of Lyman Ward Military Academy's insurance policy and at law are specifically reserved. We expressly do not waive our right to disclaim coverage for any other valid reason.

Sincerely,

*Michael Smith*

Michael Smith, AIC
Business Insurance Claim Professional
One Tower Square
Hartford, CT USA 06183
**Travelers Property Casualty Company
of America**

Cell: 404-444-8210
Email: JMSMITH1@TRAVELERS.COM


CC : Mark Morgan, Lyman Ward,  mark.morgan@southernprepacademy.org
　　　Cory Foster, ACMS Global, cory@acmsglobal.com
　　　Rosa Vargas, ACMS Global, rosa@acmsglobal.com